UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND C. WALEN, JR.,

       Plaintiff,                        Case No. 06-14201

v.                                        District Judge John Corbett O'Meara
                                        Magistrate Judge R. Steven Whalen
SPRINT, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Burton's Motion for Summary Judgment filed January 24, 2007 [Docket #5] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1] For the reasons set forth below, I recommend that Defendant's motion be GRANTED, dismissing Burton in his personal and official capacities. Further, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner currently held at Muskegon Correctional Facility ("MCF") filed the present action on September 25, 2006 under 42 U.S.C. §1983, alleging violations

---

[1]William Denman was also a party to the present motion. However, on January 20, 2007, Plaintiff stipulated to the dismissal of Denman.

-1-

of his rights under the First, Fourth, and Fourteenth Amendment. Plaintiff states that on December 28, 2001, during his confinement at the Egeler Correctional Facility, former Defendant Denman, a Resident Unit Manager, approved his request for the designation of "an attorney phone number" for the purpose of guaranteeing that his telephone calls to his attorney would not be monitored by prison staff. *Amended Complaint*, ¶10. He alleges that after receiving Denman's approval, he received a fax from Sprint on January 10, 2002 confirming the number's designation. *Id*. at ¶11. Plaintiff states that from January, 2002 forward, he placed calls to his attorney in the belief that their conversations were confidential. *Id*. at ¶15. He alleges however, that in October, 2003, then confined at MCF, he discovered that his calls to his attorney had in fact been intercepted and recorded, stating further that staff members met with him to discuss the problem and the following day "destroyed the tapes of the phone calls," informing him that destroying the tapes was the "routine procedure" in the case of improperly recorded conversations. *Id.* at ¶¶15-16. He alleges further that an MCF inspector acknowledged that "'[i]t happens all the time.'" *Id*. On October 23, 2003, after Plaintiff submitted a new number list, his attorney's telephone number was entered as a confidential attorney number. *Id.* at ¶18.

Plaintiff alleges he did not receive a response to a letter written to Defendant Burton complaining about the interception of his calls, contending that Defendant "willfully, deliberately, intentionally, and wrongly intercepted, eavesdropped, and recorded at least ten private and confidential telephone conversations" between himself and his attorney." *Id.* at ¶17. Plaintiff, claiming violations of M.C.L. 750.539, as well as of the First and Fourth

Amendments, seeks injunctive relief as well as compensatory and punitive damages.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS[2]

### A. Lack of Personal Involvement

---

[2] Defendant also argues that Plaintiff's administrative grievances, first filed on April 4, 2004 in response to an October, 2003 incident, are "extremely untimely" and violated MDOC's grievance policy requirement that "a prisoner discuss the problem with affected staff within two business days, and if the matter is not resolved . . . can file a grievance within five business days thereafter." *Docket #5* at 4. However, in light of the fact that the present claim is dismissible on its merits, this report will omit discussion of the grievance argument.

Defendant Burton contends that he should be granted summary judgment based on his lack of personal involvement in the alleged monitoring of Plaintiff's calls to his attorney. *Docket #5* at 5. Defendant denies "any control of or involvement with prisoner phone entries," stating that after a prisoner submits his attorney's telephone number to a counselor, assuming that the "number is verified, the list is picked up and it is shipped via UPS to the Sprint Prisoner Telephone Station in Lansing, Michigan." *Affidavit of DeWayne Burton* at ¶¶4, 6. Defendant adds that "[a]ll prisoner phone requests are sent to Sprint via UPS by third shift staff." *Id.* at §6. Burton denies ever monitoring Plaintiff's conversations with his attorney. *Id.* at §8.

"Attorney-client communications have a special status in our legal system." *Lonegan v. Hasty,* 436 F.Supp.2d 419, 434 (E.D.N.Y. 2006); *Swidler & Berlin v. United States,* 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). "The oldest privilege for confidential communications recognized by law, the attorney-client privilege is intended to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observations of law and the administration of justice." *Id.* The privilege extends to a prisoner's telephone calls to his attorney. *Green v. Federal Detention Center, Philadelphia,* 2007 WL 44012, *2 (E.D.Pa. 2007); *Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Moreover, prejudice can be established by the violation itself: "It is well-settled that a chilling effect on one's constitutional rights constitutes a present injury in fact." *Muhammad v. Pitcher,* 35 F.3d 1081, 1084 (6th Cir.

1994); *G & V Lounge v. Michigan Liquor Control Commission,* 23 F.3d 1071, 1076 (6th Cir.1994).

Nonetheless, even assuming that Plaintiff states correctly that his telephone calls to his attorney were improperly monitored or recorded, the claim falters on Defendant Burton's lack of personal involvement. *See Rizzo v. Goode,* 423 U.S. 362, 376 (1976). Specifically, Plaintiff contends that Burton, as an inspector, "[i]f not directly responsible for recording the calls," nonetheless "'created a policy or custom under which unconstutional practices occurred, or allowed continuation of such a policy or custom,' or he 'was grossly negligent in supervising subordinates who committed the wrongful acts.'" *Docket #11* at 14. I disagree. Burton's affidavit (as well as the affidavit of his former co-Defendant Denman) denies any involvement with individual "prisoner phone entries," stating rather that after prison counselors have verified the legitimacy of attorney telephone number requests, the records are "sent to Sprint via UPS by third shift staff." *Burton Affidavit* at ¶6. Further, although Plaintiff cites OP-SMN-05.03.130 to illustrate that Burton, an inspector, was responsible for creating a policy allowing the monitoring of inmate/attorney calls, the manual cited indicates instead that the inspector is responsible only for ensuring compliance "with the requirements set forth by administrative rule and department policy" rather than creating the policy itself. *Id*. Moreover, Plaintiff does not dispute that upon discovering that the attorney's phone calls had not been designated confidential, Burton immediately took steps to correct the error. *Burton Affidavit* at ¶8.

## B. Qualified Immunity

Finally, even if Burton's negligently set into motion a violation of Plaintiff constitutional rights, he is entitled to qualified immunity. Under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), a state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. In *Higgason v. Stephens*, 288 F.3d 868, 876-877 (6th Cir. 2002), the Sixth Circuit set forth a three-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) was there a violation of a constitutionally protected right; (2) was that right clearly established at the time; and (3) has the plaintiff alleged and shown by sufficient evidence that what the official allegedly did was objectively unreasonable? "If the plaintiff fails to establish any one of these elements, qualified immunity must be granted." *Meals v. City of Memphis, Tenn.*, — F.3d —, 2007 WL 1989016, *7 (6th Cir. July 11, 2007); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir.2005).

Even assuming a constitutional violation of a clearly established right created by Burton's carelessness, Plaintiff cannot establish the third prong of *Higgason*. Burton's actions upon discovering that Plaintiff's calls were being monitored cannot be deemed objectively unreasonable. His affidavit states that he was first notified that Plaintiff's calls to his attorney had been monitored on April 4, 2004, indicating that upon being informed,

he contacted "the servicing company and had the tapes that contained any phone calls from prisoner Walen" to his attorney deleted. *Burton Affidavit* at ¶8. He states further that "to ensure that they were deleted, I thereafter tried to pull up one of the calls, and the computer recording informed me that the call was deleted. . ." *Id.* Plaintiff's failure to demonstrate that Burton's actions were objectively unreasonable entitles him to qualified immunity.

### C. Official Capacity Claims

Plaintiff's claims against Burton in his official capacity are likewise subject to dismissal. Generally, claims against defendants in their official capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nonetheless, "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908).

Plaintiff requests that the Court enjoin Defendants from "intercepting, eaves dropping, or recording" Plaintiff's calls to his attorney. *Amended Complaint* at ¶28. However, Plaintiff has not provided the Court with any indication that after resubmitting his attorney's telephone number in October, 2003 his telephone conversations have been recorded or monitored. Plaintiff's request for equitable relief is moot and should accordingly be denied.

**D. M.C.L. 791.530**.

Plaintiff also alleges violations of M.C.L. 791.530, a state statute which prohibits eavesdropping. However, in light of the fact that Plaintiff's federal claims against the only remaining individual Defendant are subject to dismissal, the state claim should be dismissed without prejudice. "The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances." *Floyd v. Ferguson* 2007 WL 2302351, *7 (W.D.Mich.2007); *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir.1993). More to the point, Plaintiff's state claim under M.C.L. 791.530, a state criminal statue prohibiting eavesdropping, is subject to dismissal on the obvious basis that a private citizen lacks standing to prosecute a criminal action. *See Newcomb v. Ingle,* 827 F.2d 675, 677 n. 1 (10th Cir.1987); *Cok v. Cosentino,* 876 F.2d 1, 2 (1 st Cir.1989); *see generally Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (holding that private citizens cannot compel enforcement of criminal law).

## IV. CONCLUSION

I recommend, for the reasons stated above, that Defendant's motion for summary judgment [Docket #51] be GRANTED, dismissing Burton in his personal and official capacities. Further, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

Any objections to this Report and Recommendation must be filed within ten (10)

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                s/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Dated: August 21, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 21, 2007.

                                                s/Susan Jefferson

                                                Case Manager