UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAYMOND C. WALEN, JR.,

               Plaintiff,                             Case No. 06-14201

v.                                          District Judge John Corbett O'Meara
                                               Magistrate Judge R. Steven Whalen

SPRINT, et al.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss [Docket #22], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED and that all claims against the entity identified in the Complaint as "Sprint" be dismissed. I also recommend that Embarq Payphone Services, Inc., be substituted for Sprint as the real party in interest.

**I.   FACTS**

Plaintiff, a state prisoner currently held at Muskegon Correctional Facility ("MCF") filed the present action on September 25, 2006 under 42 U.S.C. §1983, alleging violations of his rights under the First, Fourth, and Fourteenth Amendment. The Complaint involves his allegation that telephone calls to his attorney were intercepted and recorded. Named as

Defendants are "Sprint," an Inspector Burton, and William Denman.[1]

In the present motion to dismiss, counsel asks that Defendant "Sprint" be dismissed under Rules 12(b)(2), 12(b)(4), 12(b)(5), 9(a) and 17(b) of the Federal Rules of Civil Procedure, because "Sprint" is not an entity capable of being sued. Counsel states that "Sprint" is a generic name that may refer to any number of distinct legal entities doing business within the State of Michigan, and that the correct entity would be Sprint Payphone Services, Inc. Counsel further states that on May 17, 2006, Sprint-Nextel Corp., spun off this company into an independent entity known as Embarq Payphone Services, Inc.. It was Embarq that provided service to MCF at the time in question.

In correspondence to the Plaintiff (see Exhibit C of the present motion), counsel explained this situation, and committed to answer the Complaint on behalf of Embarq if Embarq were substituted as the real party in interest. On January 3, 2008, the Court entered an order granting Plaintiff's motion to amend his Complaint to add Embarq Payphone Services, Inc.

## II.   ANALYSIS

Counsel is correct that "Sprint" is not a distinct entity, but merely a generic title used to identify several affiliated companies. *See Testa v. Janssen*, 482 F.Supp. 1195 (W.D. Pa. 1980). Pursuant to Rule 9(a), "Sprint" lacks the capacity to be sued, and must be dismissed.

Furthermore, this Court has already added Embarq Payphone Services, Inc. as a

---

[1] On 1-25-07, Denman was dismissed by stipulation. On 9-27-07, the Court granted Burton's motion for summary judgment.

Defendant, and counsel has agreed to file a responsive pleading on behalf of Embarq within 10 days of the date Embarq is substituted as the real party in interest. Thus, there will be no prejudice to Plaintiff in granting this motion to dismiss and substituting Embarq; to the contrary, Plaintiff will be able to move forward with the merits of this lawsuit.

## III.   CONCLUSION

I therefore recommend that Defendant's Motion to Dismiss [Docket #22] be GRANTED, and that the entity identified as "Sprint" be dismissed.

I further recommend that Embarq Payphone Services, Inc., be substituted for "Sprint" as the real party in interest, and that counsel for Embarq file an answer or other responsive pleading within 10 days of the date this Motion to Dismiss is granted.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<div style="margin-left: 45%;">
S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE
</div>

Dated: January 9, 2008

<div style="text-align: center;">CERTIFICATE OF SERVICE</div>

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 9, 2008.

<div style="margin-left: 45%;">
S/G. Wilson
Judicial Assistant
</div>